IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZL & SKY LLC, and MOUNTAIN VALLEY COUNTRY CLUB INC., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:22-CV-00182-E |
| v. | § § | |
| CITY OF JOSHUA TEXAS, | § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant City of Joshua Texas's ("the City") First Motion for Summary Judgment, (ECF No. 27), seeking dismissal of all of Plaintiffs ZL & Sky LLC and Mountain Valley Country Club Inc. (collectively "Plaintiffs") claims. Having carefully considered the parties' briefing; appendices; and the applicable law, for reasons that follow, the Court **GRANTS** the City's Motion for Summary Judgment.

I.  **BACKGROUND**

The facts of this case are well known to the parties. The Court pretermits further discussion of the factual background as the claims in this case are dismissed—which shall be discussed further below.

On January 3, 2019, Plaintiffs filed their original petition in state court, (ECF No. 28-3), alleging an inverse condemnation claim against the City. On September 21, 2021, Plaintiffs filed a notice of non-suit without prejudice, which was granted on September 23, 2021. (ECF No. 28-3).

Plaintiffs then filed suit against the City in federal court on January 27, 2022, alleging claims of: (1) inverse condemnation under Texas state law; and (ii) deprivation of constitutional rights under 42 U.S.C. § 1983. (ECF No. 1). On March 24, 2023, the City filed its motion for summary judgment with brief in support, (ECF No. 27), along with its appendix in support, (ECF No. 28). After requesting an extension of time to respond, Plaintiffs filed their response on April 24, 2023, (ECF No. 31), along with their brief in support, (ECF No. 32), and their appendix in support, (ECF No. 33). The City replied on May 8, 2023, (ECF No. 35), along with its appendix in support, (ECF No. 36). Thus, the City's motion has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254-55. Moreover, the evidence the non-movant provides must raise "more than . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The evidence must be such that a jury could reasonably find in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable

to make such a showing, the court must grant summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The moving party bears the initial burden of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When, as here, a nonmovant bears the burden of proof, the movant may demonstrate it is entitled to summary judgment either by (1) *submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense*, or (2) *arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative defense*. *Celotex*, 477 U.S. at 322–25 (emphasis added). There is "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see generally Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F.Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot*, 780 F.2d at 1194) (discussing affirmative defenses).

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Celotex*, 477 U.S. at 324. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party . . . only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). When a plaintiff fails to

defend a claim in response to a summary judgment motion, the claim is deemed abandoned. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss).

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). The Fifth Circuit has explained:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.... "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

*Ragas*, 136 F.3d at 458. Regarding assertions of fact, Federal Rule of Civil Procedure 56 states:

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3).

### III. ANALYSIS

As stated above, Plaintiffs assert claims of inverse condemnation under state law, as well as deprivation of constitutional rights under 42 U.S.C. § 1983. For the reasons explained hereunder, Plaintiffs' constitutional claim is dismissed with prejudice, and Plaintiffs' state law claim is dismissed without prejudice.

A.     **Plaintiffs Concede Their Constitutional Claim.**

In Plaintiffs' response to the City's motion for summary judgment, Plaintiffs concede that they cannot present evidence to prove their claim of deprivation of constitutional rights under 42 U.S.C. § 1983. (ECF No. 32 at 8). "Therefore, Plaintiffs will allow this Court to enter an order against them dismissing, with prejudice, their § 1983 claim against the City." (ECF No. 32 at 8). Plaintiffs continue:

> However, with no remaining federal claim to tie Plaintiffs' state law claim to, this Court now lacks subject matter jurisdiction to render a decision upon Plaintiffs state law claim for inverse condemnation pursuant to Article I, Section 17 of the Texas Constitution. This Court had pendant jurisdiction over Plaintiffs' state law claim because of the federal question raised by Plaintiffs' federal claim under 42 U.S.C. § 1983. With no federal question to allow Plaintiffs' state law claim to piggy-back onto, this Court lacks jurisdiction to decide a question that raises a novel or complex issue of state law, and this Court has dismissed all claims over which it has original jurisdiction. Therefore, Plaintiffs request this Court to enter an order dismissing their § 1983 claim with prejudice as a matter of law, and dismissing their inverse condemnation claim without prejudice as to refiling.

(ECF No. 32 at 8).

"When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss or summary judgment, the claim is deemed abandoned." *Hernandez v. City of Grand Prairie*, No. 3:16-CV-2432-L, 2017 WL 4098596, at *13 (N.D. Tex. Sept. 15, 2017); *see Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (explaining that the plaintiff's failure to pursue a claim beyond her complaint constituted abandonment of that claim). Thus, Plaintiffs have effectively abandoned their § 1983 constitutional claim and the Court pretermits further discussion of such claim. The Court grants summary judgment as to Plaintiffs § 1983 claim and dismisses it with prejudice.

B.   **The Court's Declines Supplemental Jurisdiction over Plaintiffs' State Law Claim.**

Because Plaintiffs' constitutional claim is dismissed with prejudice, the only claim remaining before the Court is Plaintiffs' state law inverse condemnation claim. Under limited circumstances, federal courts may exercise supplemental jurisdiction over state law claims:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "The court also considers common law factors, including judicial economy, convenience, fairness, and comity, in deciding whether to exercise supplemental jurisdiction." *Tobacco & Wine, Inc. v. Cnty. of Dallas*, 456 F. Supp. 3d 788, 793 (N.D. Tex. 2020); *see Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (explaining that a federal court considers both statutory and common law factors when deciding whether to retain supplemental jurisdiction over a remaining state law claim).

While the district court's decision is discretionary, the Supreme Court has stated that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Further, the Fifth Circuit has repeatedly concluded that "[t]he general rule is that a court should decline to exercise jurisdiction

over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive . . ." *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *see also Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

As noted above, Plaintiffs request the Court to dismiss their state law claim without prejudice—allowing them to refile in state court. *See supra* § III.A. On the other hand, the City argues that Plaintiffs are wasting judicial resources—as Plaintiffs' state law claim was previously filed in state court, and then refiled in federal court, and thus should not be allowed the opportunity to be refiled yet again in state court. (ECF No. 35 at 1-2). As such, the City requests that Plaintiffs' state law claim should also be dismissed with prejudice. (ECF No. 35 at 1).

Upon review, the Court finds that the balance of the statutory and common law factors heavily weighs in favor of the Court declining to retain jurisdiction of Plaintiffs' remaining state law claim. Regarding the statutory factors, the remaining state law claim raises a novel issue of solely state law—it pertains to an allegedly unlawful taking in violation of Article I, Section 17 of the Texas Constitution. *See Enochs*, 641 F.3d at 159-160 (favoring remand when plaintiff's claim concerns a novel Texas state law issue). Further—and most compelling—is that no claim remains that the Court retains original jurisdiction of. The common law factors also favor declining jurisdiction: (1) this Court is not intimately familiar with the state law claim—the denial of the City's motion to dismiss did not require a thorough consideration of the merits of the state law claim; (2) it is certainly convenient for the case to be heard in a Texas state court in Johnson County which includes the City of Joshua; (3) it is fair to have purely Texas state law claims heard in Texas state court; and (4) "comity demands that the important interests of federalism and comity

be respected by federal courts," which are not as well-suited for state law determinations as state courts are. *Enochs*, 641 F.3d at 159-160.

The Court concludes that "justice would be best served by a Texas state court applying and interpreting Texas statutes." *Hernandez v. Dallas Indep. Sch. Dist.*, No. 3:14-CV-0022-BK, 2015 WL 6736647, at *2 (N.D. Tex. Nov. 4, 2015) (declining to exercise supplemental jurisdiction over a remaining state law claim based solely on Texas statutes). The Court is sympathetic to the City's frustration that this claim has been refiled multiple times, but it is not within the Court's power—thus would be an abuse of the Court's discretion—to summarily dismiss Plaintiffs' state law claim with prejudice, nor to retain jurisdiction and make a determination on the merits. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("The dismissal of the pendant claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court."). Because the Court declines to continue to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim, the City's other arguments are not reached.

Thus, the Court grants summary judgment as to Plaintiffs' state law inverse condemnation claim and dismisses it without prejudice.

### IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** the City's motion for summary judgment. (ECF No. 27). Thus, Plaintiffs' claim of deprivation of their constitutional rights under 42 U.S.C. § 1983 is hereby **dismissed with prejudice**, while Plaintiffs' state law inverse condemnation claim is hereby **dismissed without prejudice**.

**SO ORDERED:** January 10, 2024.

_____
Ada E. Brown
UNITED STATES DISTRICT JUDGE